```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION


KATHLEEN DOTY,                    §
                                  §
     Plaintiff,                   §
                                  §
v.                                §    CIVIL ACTION NO. H-06-1869
                                  §
SUN LIFE ASSURANCE COMPANY        §
OF CANADA,                        §
                                  §
     Defendant.                   §
```

ORDER VACATING FINAL JUDGMENT
AND DISMISSING FOR WANT OF JURISDICTION

Pending is Plaintiff's Motion to Dismiss for Want of Jurisdiction (Document No. 38), which was filed within ten days after the Court granted Defendant's Cross-Motion for Summary Judgment (Document No. 36) and entered Final Judgment thereon (Document No. 37).[1]

---

[1] The Court construes the motion--which was filed within ten days of the entry of judgment--as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). *See, e.g.,* Salinas v. Dretke, 354 F.3d 425, 429 (5th Cir. 2004) (request for dismissal without prejudice received within 10 days of entry of judgment is properly construed as a Rule 59(e) motion to alter or amend the judgment); Fletcher v. Apfel, 210 F.3d 510, 511 (5th Cir. 2000). A Rule 59(e) motion may be granted where, *inter alia*, the judgment was based on a manifest error of fact or law, or to prevent manifest injustice. *See* Schiller v. Physicians Res. Group, Inc., 342 F.3d 563, 567 (5th Cir. 2003); Ayanbadejo v. Chertoff, 462 F. Supp. 2d 736, 745-46 (S.D. Tex. 2006); Great Pines Water Co., Inc. v. Liqui-Box Corp., 962 F. Supp. 990, 991 (S.D. Tex. 1997).

Plaintiff, a school teacher whose illness required her to cease working, brought this action to recover benefits under a long-term disability plan maintained by her employer, Clear Creek Independent School District ("School District"). Plaintiff's counsel, under the mistaken belief that the School District's plan was governed by the Employee Retirement Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), filed the case in this Court invoking federal jurisdiction under ERISA. Defendant's counsel answered the case as if the School District's plan were governed by ERISA, admitted to the truth of Plaintiff's mistaken jurisdictional allegation, and proceeded to move for summary judgment on the putative ERISA claim. The Court itself, lulled by the now-evident common mistake of both parties, committed its own error by failing in its obligation first to examine its subject matter jurisdiction. *See* Lewis v. Hunt, 492 F.3d 565, 568 (5th Cir. 2007) ("Although the parties and the district court did not raise these jurisdictional issues, 'federal trial and appellate courts have the duty to examine the basis for their subject matter jurisdiction, doing so on their own motion if necessary.'") (quoting Torres v. S. Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997)). Thus, there is now a plethora of embarrassment for both the parties and for the Court inasmuch as Plaintiff, post-judgment, discovered that the School District's long-term disability plan is a governmental plan exempted from ERISA coverage and that the Court therefore lacked

2

subject matter jurisdiction.  *See* 29 U.S.C. 1003(b); Shirley v. Maxicare Tex., Inc., 921 F.2d 565, 567 (5th Cir. 1991) (vacating district court judgment for lack of subject matter jurisdiction because the defendant failed to meet its burden of demonstrating federal jurisdiction over a governmental plan maintained for its employees by Aldine Independent School District); *accord* Gualandi v. Adams, 385 F.3d 236, 243-44 (2d Cir. 2004) (affirming dismissal of complaint for lack of subject matter jurisdiction; plan funded by public school district was a governmental plan excluded from ERISA); Macro v. Indep. Health Ass'n, Inc., 180 F. Supp. 2d 427, 436-37 (W.D.N.Y. 2001) (remanding removed action to state court for lack of subject matter jurisdiction; group health care plan maintained for public school employees was a governmental plan exempt from ERISA). *See also* Fromm v. Principal Health Care of Iowa, Inc., 244 F.3d 652, 653-54 (8th Cir. 2001) (affirming dismissal for lack of subject matter jurisdiction because health benefit plan established and maintained by the City was a governmental plan, even though a private company administered the plan).

Defendant argues against vacating the Final Judgment and dismissing the case for lack of jurisdiction, pointing out that the case had proceeded in the belief that the Court did have subject matter ERISA jurisdiction and contending even now that the Court

has federal question jurisdiction.[2]  The burden of establishing subject matter jurisdiction is on the party seeking to invoke it. St. Paul Reinsurance Co. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998); *see also* Hartford Ins. Group v. Lou-Con, Inc., 293 F.3d 908, 910 (5th Cir. 2002); Shirley, 921 F.2d 565, 567 (5th Cir. 1991).  "Subject matter jurisdiction may not be waived, and the district court 'shall dismiss the action' whenever 'it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'"  Avitts v. Amoco Prod. Co., 53 F.3d 690, 693 (5th Cir. 1995) (per curiam) (quoting FED. R. CIV. P. 12(h)(3)).  "[I]t is the party who urges jurisdiction upon the court who must always bear the burden of demonstrating that the case is one which is properly before the federal tribunal."  *See*

---

[2] Defendant argues, citing generally to some district court cases and two Department of Labor ("DOL") opinions, that "there are situations when a governmental plan or governmental employees can be governed by ERISA." Document No. 40 at 7.  However, these cases largely involve benefit plans with private sector components, such as private benefit plans in which both private and public employers participate and which were not established or maintained by the public employer, or plans where the "vast majority" of participating employees are employed in the private sector. *See* Brooks v. Chicago Housing Auth., No. 89 C 9304, 1990 WL 103572, at *2-3 (N.D. Ill. July 5, 1990); Livolsi v. City of New Castle, Pa., 501 F. Supp. 1146, 1150 (W.D. Pa. 1980); *see also* DOL Opinion 2005-17A, 2005 ERISA LEXIS 18 (June 22, 2005) (advising that "a plan's governmental plan status would not be adversely affected by participation of a de minimis number of private sector employees"). Defendant neither argues nor presents evidence that the School District's plan has similar private sector elements that would subject it to ERISA, as is Defendant's burden, and the record does not support such a finding. *See* Shirley, 921 F.2d at 567; Macro, 180 F. Supp. 2d at 437.

Shirley, 921 F.2d at 567; *accord* Macro, 180 F. Supp. 2d at 437.  It is therefore incumbent upon Defendant to demonstrate that the School District's employee benefit plan is *not* exempted from ERISA coverage by Section 1003(b) as a governmental plan.  Defendant has not done so and, for that matter, has not seriously attempted to do so.  No showing has been made that the School District's plan is not exempt from ERISA as a governmental plan, and the Court therefore lacks federal question jurisdiction.

Defendant alternatively argues that the Court's judgment should stand because "the Court had, at a minimum, diversity jurisdiction . . . ."  Document No. 40 at 11.  *See* 28 U.S.C. § 1332.  It is well-established that diversity jurisdiction is assessed at the time an action is filed. *See* Grupo Dataflux v. Atlas Global Group, LP, 124 S. Ct. 1920, 1924 (2004) (noting that the Court "adhere[s] to the time-of-filing rule regardless of the costs it imposes."); *see also* White v. FCI USA, Inc., 319 F.3d 672, 674 (5th Cir. 2003) ("[T]he amount in controversy should be determined at the time of filing.").  "The party seeking to invoke the jurisdiction of the federal courts has the burden of proving its existence by showing that it does not appear to a legal certainty that [the] claim is for less than the jurisdictional amount."  Schaefer v. Aetna Life & Cas. Co., 910 F. Supp. 1095,

1097 (D. Md. 1996) (quoting 14A C. Wright, A. Miller & E. Cooper, <u>Federal Practice and Procedure</u> § 3702 (2d ed. 1985)).[3]

In her Original Complaint, Plaintiff invoked federal question jurisdiction based on her sole claim, which she perceived to be an ERISA claim. Nowhere in the Original Complaint did Plaintiff allege diversity jurisdiction as an additional or alternative basis for jurisdiction. Plaintiff alleged that she was a "resident of Harris County," and Defendant is "an insurance company doing business in Texas . . . ." Document No. 1 at 1.[4] She alleged that she was diagnosed with cervical dystonia in 1996, and she continued teaching until 2002, when she quit working due to pain inflicted by the disease. She received disability benefits from Defendant until December, 2005, when Defendant determined that she was no longer disabled and could work full-time. Six months later, Plaintiff filed this complaint, alleging that the denial of benefits was not clearly supported by the evidence, and Defendant's review and handling of the matter was a breach of its fiduciary duty.

---

[3] "In removal practice, when a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount." <u>St. Paul</u>, 134 F.3d at 1253. Here, whether the Court applies the "preponderance of the evidence" or "legal certainty" test, the result remains the same.

[4] Defendant submits an affidavit from one Leeann Ciaramicoli, who avers that in June, 2006, when this action was filed, Defendant was a "Canadian corporation with its principal place of business in . . . Massachusetts." Document No. 40 ex. 1. The parties do not dispute that diversity of citizenship exists.

Plaintiff sought "her disability benefits under the policy," attorney's fees, and "such further relief as is just." Document No. 1 at 5.

Plaintiff never alleged a specific amount of damages, and it is not facially apparent from the complaint that the claim likely exceeded $75,000. Defendant, who now asserts the Court has diversity jurisdiction, presents as its sole evidence of the amount in controversy two settlement demand letters sent by Plaintiff five months and eleven months *after* the case was filed, demanding "lump sum[s]" of $285,000 and $300,000, respectively. However, courts have rejected similar demands made after the relevant time for determining whether diversity jurisdiction exists, as irrelevant to establishing the requisite amount in controversy. *See* Pollet v. Sears Roebuck & Co., 46 Fed. Appx. 226, 2002 WL 1939917, at *1 (5th Cir. July 18, 2002)(unpublished opinion) ("[A]ny post-removal action taken by [Plaintiff], including either of her post-removal settlement demands, is immaterial to our determination whether her claims exceed $75,000 for the purpose of establishing diversity jurisdiction."); Norris v. Wal-Mart Stores, Inc., No. 5:06CV502, 2006 WL 1476045, at *3 (W.D. La. May 24, 2006) (refusing to consider post-removal settlement demand because "the jurisdictional amount is evaluated as of the time of removal"). Given that Defendant must show that jurisdiction existed at the time of

filing, these post-filing demands do not satisfy Defendant's burden of proving that the nonspecific damages pled in the Original Complaint satisfied the jurisdictional minimum.[5] Defendant has not shown either to a legal certainty or by a preponderance of the evidence that the amount in controversy exceeded $75,000, exclusive of interest and costs, when the case was filed, and the Court

---

[5] Moreover, the settlement sums demanded were largely for future disability payments "to the time [Plaintiff] is 70" years of age, discounted to present value. Document No. 40 ex. B. Believing as the parties did at the time that Plaintiff's employee plan was governed by ERISA, the constraints of ERISA would limit her recovery to benefits wrongfully withheld and attorney's fees, with only declaratory relief being possible with respect to future benefits. *See* 29 U.S.C. § 1132(a)(1)(B) (allowing a beneficiary "to recover benefits *due to him* under the terms of his plan, to enforce his rights under the terms of the plan, or to *clarify his rights to future benefits* under the terms of the plan")(emphasis added); id. § 1132(g)(1) (allowing for recovery of attorney's fees at the discretion of the court). The Original Complaint, which is not clearly worded on this point, does not appear to request a declaration to establish Plaintiff's rights to future benefits, nor does Defendant assert that it does. Plaintiff's demand attributable to future benefits would not properly be considered when calculating the amount in controversy. *See, e.g.*, Leininger v. Leininger, 705 F.2d 727, 729 (5th Cir. 1983)("[T]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented."). According to specific figures stated in the settlement demand letters, the disability payments owed when the case was filed was $11,500--or $1,906 per month for six months. Even when added to Plaintiff's alleged attorney's fees of $30,000 (as stated in the later of the two letters), the alleged damages are well below the jurisdictional minimum.

therefore has not been shown to have diversity jurisdiction.[6] Because the Court has no subject matter jurisdiction, it is

---

[6] Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269 (2nd Cir. 1994), is an analogous case in which the defendant removed Lupo's state law claims to federal court, asserting that they were governed by ERISA, and then persuaded the district court to dismiss the case based on Lupo's state law claims being preempted by ERISA. On appeal, the Second Circuit found that Lupo had not pled an ERISA claim, there was not complete preemption, and the district court did not have federal question jurisdiction to dismiss the case. Notwithstanding that the defendant's notice of removal had been based solely on federal question jurisdiction, post-judgment on appeal the defendant contended--not unlike Defendant in the instant case--that there was nonetheless subject matter jurisdiction based upon diversity jurisdiction. The question turned on whether the requisite amount in controversy (at that time, $50,000) was clearly alleged in the plaintiff's complaint. The Court of Appeals held

> that if the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court.

Lupo, 28 F.3d at 273-74. Because Lupo's complaint did not allege an amount in controversy in excess of $50,000, and because the defendant in its notice of removal had failed to assert any amount in controversy or even to assert diversity jurisdiction, the Court of Appeals held that it lacked jurisdiction over the case. The trial court judgment was therefore vacated, and the case was remanded with instructions to remand the case to the state court from which it had been removed. Id. And so it is in the instant case. Defendant's *ex post facto* claim of diversity jurisdiction is without merit. No facts were pled in the Complaint to show the requisite amount in controversy either before or at the time the case was filed and no allegations were made that the Court had subject matter jurisdiction based upon diversity of citizenship either as an additional or alternate basis for jurisdiction. Again, Defendant--who now asserts that there was diversity jurisdiction--has the burden of demonstrating such jurisdiction was present when the case was filed, which it has not done.

ORDERED that Plaintiff's Motion to Dismiss for Want of Jurisdiction (Document No. 38) is GRANTED, the Memorandum and Order granting Defendant's Cross-Motion for Summary Judgment (Document No. 36) and the Final Judgment thereon (Document No. 37) are in all things SET ASIDE and VACATED, and the case is DISMISSED without prejudice for lack of jurisdiction.

The Clerk shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas on this 2nd day of October, 2007.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE